IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA     PLAINTIFF
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY

V.     CIVIL ACTION NO. 1:17-CV-192-SA-DAS

AN EASEMENT AND RIGHT-OF-WAY
OVER .61 ACRE OF LAND, MORE OR LESS,
IN CLAY COUNTY, MISSISSIPPI,
ANNETTE SMITH MILLER, TYRONE SMITH,
JOYCE SMITH ROGERS, DENNIS SMITH,
and STANLEY SMITH     DEFENDANTS

## SUMMARY JUDGMENT AND ORDER DISBURSING FUNDS

For the reasons set forth in the memorandum opinion issued this day, the Court ORDERS that the United States' Motion [15] for Summary Judgment is GRANTED. The Court finds that $950 is fair and just compensation for the easement and right-of-way acquired by the United States in this action.

It is further ORDERED that:

1. Defendant Annette Smith Miller shall recover from the Plaintiff $430.00 for said Defendant's undivided 1/5th interest in the easement and right-of-way described in Attachment 2 to the Declaration of Taking [2-2].

2. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $430.00, plus any accrued interest thereon less the applicable registry fee, payable to Annette Smith Miller and to mail said check to her address on file.

3. Defendant Tyrone Smith shall recover from the Plaintiff $430.00 for said Defendant's undivided 1/5th interest in the easement and right-of-way described in Attachment 2 to the Declaration of Taking [2-2].

4. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $430.00, plus any accrued interest thereon less the applicable registry fee, payable to Tyrone Smith and to mail said check to his address on file.

5. Defendant Joyce Smith Rogers shall recover from the Plaintiff $430.00 for said Defendant's undivided 1/5th interest in the easement and right-of-way described in Attachment 2 to the Declaration of Taking [2-2].

6. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $430.00, plus any accrued interest thereon less the applicable registry fee, payable to Joyce Smith Rogers and to mail said check to her address on file.

7. Defendant Dennis Smith shall recover from the Plaintiff $430.00 for said Defendant's undivided 1/5th interest in the easement and right-of-way described in Attachment 2 to the Declaration of Taking [2-2].

8. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $430.00, plus any accrued interest thereon less the applicable registry fee, payable to Dennis Smith and to mail said check to his address on file.

9. Defendant Stanley Smith shall recover from the Plaintiff $430.00 for said Defendant's undivided 1/5th interest in the easement and right-of-way described in Attachment 2 to the Declaration of Taking [2-2].

10. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $430.00, plus any accrued interest thereon less the applicable registry fee, payable to Stanley Smith and to mail said check to his address on file.

11. The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Declaration of Taking [2] filed in this action on September 22, 2017, is hereby fully and finally confirmed with respect to the easement and right-of-way described below, said description being the same as in Attachment 1 to the Declaration of Taking [2-1] filed herein:

> A permanent easement and right-of-way, consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol lines of transmission line structures with sufficient wires and cables for electric power circuits and communication circuits, and all necessary appurtenances, in, on, over, and across said right-of-way, together with the perpetual right to clear said right-of-way and keep the same clear of structures (including but not limited to flagpoles, solar panels, buildings, signboards, billboards), trees, brush, stored personal property, and fire hazards, to destroy or otherwise dispose of such trees and brush; to prevent the drilling or sinking of wells within the right-of-way; and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within five feet of any transmission line structure or conductor located thereon, the Tennessee Valley Authority to remain liable for any direct physical damage to the land and annual growing crops resulting directly from the operations of the construction and maintenance forces of its agents and employees in the erection and maintenance of or in exercising a right of ingress and egress to said transmission line structures, all upon, under, over, and across the following-described land:
>
> TRACT NO. WPSTM-49
>
> A strip of land located in Section 19, Township 16 South, Range 4 East, of Clay County, State of Mississippi, as shown on a map entitled "West Point - Starkville Transmission Line Tap to Montpelier," drawing LW-5468, sheet P4G, R.0, a

reduced copy of which is attached to the Declaration of Taking filed herein, the said strip being 100 feet wide, lying 50 feet on each side of the centerline of the transmission line location, the centerline of the location and the end boundaries of the strip being more particularly described as follows:

Commencing at an iron pin, said iron pin being the apparent northwest corner of Section 19, Township 16 South, Range 4 East; thence leaving said section corner and continuing with the western line of the Section 19, S. 00° 28' 00" W., 2,640 feet to a point, being the west quarter corner of said Section 19, thence leaving said corner and continuing with the southern line of the northwest quarter of said Section 19, being the common boundary line of WD Resources, LLLP (Deed Book 282, page 320) and Dorothy Cummings, et al. (Deed Book 68, page 332), S. 89° 32' 00" E., 1,521.36 feet to a point on the centerline of the location at survey station 756+21.50; thence leaving said point and with the centerline of the location N. 05° 11' 33" W., 1,045.71 feet to a point of intersection on the centerline of the said location at survey station 766+67.21; thence continuing with and along said centerline of said location N. 45° 19' 21" W., 137.06 feet to a point at survey station 768+04.27, said point being in the common boundary line of said Dorothy Cummings, et al. (Deed Book 71, page 394), and Annette Smith Miller, et al. (Deed Book 247, page 240), the said point being the true Point of Beginning.

The said strip being bounded on the southeastern end by the said boundary line; thence leaving the true Point of Beginning and with the centerline of the location, N. 45° 19' 21" W., 263.60 feet to a point at survey station 770+67.87, said point being in the south line of the north half of the northwest quarter of said Section 19, being the common boundary line of said Dorothy Cummings, et al., and said Annette Smith Miller, et al., the said strip being bounded on the northwestern end by the said boundary line.

The above-described strip of land includes the centerline of transmission line location for a net distance of 263.60 feet and contains .61 acre, more or less.

12. This case is CLOSED.

It is SO ORDERED, on this the 4th day of March, 2019.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE