IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA     PLAINTIFF
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY

V.     CIVIL ACTION NO. 1:17-CV-192-SA-DAS

AN EASEMENT AND RIGHT-OF-WAY
OVER .61 ACRE OF LAND, MORE OR LESS,
IN CLAY COUNTY, MISSISSIPPI,
ANNETTE SMITH MILLER, TYRONE SMITH,
JOYCE SMITH ROGERS, DENNIS SMITH,
and STANLEY SMITH     DEFENDANTS

MEMORANDUM OPINION

On November 15, 2017, the United States of America filed this eminent domain action to acquire an easement and right-of-way over .61 acres of land against five Defendants, each having an undivided one-fifth interest in the land. Now before the Court is the United States' Motion [15] for Summary Judgment. The Defendants failed to file a response, making this issue ripe for review.

*Background*

The United States of America seeks an easement and right-of-way over .61 acres of land located in Clay County, Mississippi for the use of the Tennessee Valley Authority ("TVA"), through eminent domain. The United States identified Annette Smith Miller, Tyrone Smith, Joyce Smith Rogers, Dennis Smith, and Stanley Smith as individual Defendants, each having an undivided one-fifth interest in the land. The United States also filed a Declaration of Taking [2] and Notice of Condemnation [3]. The Declaration of Taking states that the easement and right-of-way are to be used for the operation and maintenance of electric power transmission circuits and communication circuits. The United States personally served Defendants Tyrone Smith and

Dennis Smith. The United States served Defendants Annette Smith Miller, Joyce Smith Rogers, and Stanley Smith by publication. The Defendants did not file an answer, make a jury demand, or otherwise respond to or appear in this action.

On November 21, 2017, the United States filed its Motion [4] for Entry of an Order of Immediate Possession. On February 7, 2018, this Court entered an Order granting TVA immediate possession of the easement and right-of-way pursuant to Title 40 United States Code Sections 3114-3118.

Now before the Court is the United States' Motion [15] for Summary Judgment. The United States asks this Court to determine the amount of compensation due to the Defendants and distribute the funds accordingly.

*Summary Judgment Standard in Eminent Domain Cases*

"In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined . . . by a jury when a party demands one within the time to answer[.]" FED. R. CIV. P. 71.1(h). In this case, none of the Defendants filed an answer, made a jury trial, or otherwise appeared in this action. Therefore, this Court may decide the issue of compensation. *See id.; United States ex. rel Tennessee Valley Auth. v. An Easement and Right-of-Way Over 0.05 Acre of Land, More or Less, in Oktibbeha County, Miss.*, No. 1:17-CV-14-GHD, 2019 WL 267911, *1 (N.D. Miss. Jan 18, 2019) (relying on Federal Rule of Civil Procedure 71.1(h) when finding that the court may decide the issue of compensation after no defendant demanded a jury trial).

Summary judgment is appropriate in an eminent domain proceeding "under Rule 56 when there is no genuine dispute as to any material fact." *United States ex rel. Tennessee Valley Auth. v. An Easement and Right-of-Way Over 0.03 Acre of Land, More or Less, in Oktibbeha County,*

*Miss.*, No. 1:17-CV-152-GHD, 2019 WL 267881, at *1 (N.D. Miss. Jan. 18, 2019) (citing *Transwestern Pipeline Co. LLC v. 46.78 Acres of Permanent Easement Located in Maricopa County*, 473 F. Appx. 778, 779 (9th Cir. 2012)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). "The party moving for summary judgment bears the burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact." *James v. Woods*, 899 F.3d, 404, 407 (5th Cir. 2018). "[T]he nonmovant must then point to or produce specific facts demonstrating that there is a genuine issue of material fact." *Id.*

*Analysis and Discussion*

The Fifth Amendment protects private property against takings for public use "without just compensation." U.S. CONST. amend. V. The term "just compensation" typically means the fair market value of the property on the date of the taking. *United States v. 564.54 Acres of Land*, 441 U.S. 506, 511-12, 514, 99 S. Ct. 1854, 60 L. Ed. 2d 435 (1979). In cases where the United States takes an easement, just compensation is calculated by "the difference between the market value of that tract before and after the taking." *United States v. 8.41 Acres of Land*, 680 F.2d 388, 392 (5th Cir. 1982).

"When the moving party presents an appraisal by a credentialed property appraiser and the non-moving party does not contest it, that moving party is entitled to judgment as a matter of law." *United States ex rel. Tennessee Valley Auth. v. Tree-Removal Rights with Respect to land in McNairy County, Tenn.*, No. 15-1008, 2015 WL 5499434, *3 (W.D. Tenn. Sept. 16, 2015) (granting summary judgment in eminent domain proceeding on the issue of compensation). Here, the United States submitted the declaration of Ivan Antal, a Mississippi certified general property

appraiser and TVA's Manager of Real Property Transactions, to supports its estimate of $2,150 for just compensation for the easement and right-of-way. According to the record, Antal reviewed two independent appraisal reports which indicated fair market values of the easement and right of way of $2,000 and $2,025, respectively. The United States subsequently deposited $2,150 with the registry of this Court as its valuation of just compensation.

Summary judgment here is appropriate because the Defendants failed to dispute the United States' valuation of just compensation and failed to otherwise respond to or appear in this action. *See United States ex rel. Tennessee Valley Auth.*, 2019 WL 267881, *3 (granting summary judgment after defendants "failed to appear or failed to provide competent evidence to dispute that valuation"); *United States for Use of Tennessee Valley Auth. v. Tree Removal Rights with Respect to Land in Marshall County, Miss.*, No. 3:17-CV-128-DMB, 2018 WL 6072008, *2 (N.D. Miss. Nov. 19, 2018) (granting summary judgment "in the absence of any evidence showing the inadequacy of TVA's valuation method or evidence establishing a different value for the taken property"). The Fifth Circuit has also affirmed the use of summary judgment to determine just compensation in a condemnation proceeding. *See Bibb County. v. United States*, 249 F.2d 228, 228, 232 (5th Cir. 1957). For these reasons, the Court finds that the United States carried its initial burden in demonstration that $2,150 is fair and just compensation for the easement and right-of-way.

None of the five Defendants contested the taking, the United States' valuation of just compensation, or otherwise responded to or appeared in this action. Because the Defendants failed to provide any evidence to dispute the taking or the United States' valuation of just compensation, and failed to demand a jury trial, the Defendants failed to meet their burden of demonstrating that a genuine issue of material fact exists. *See United States ex rel. Tennessee Valley Auth.*, 2019 WL

267881, *3 (finding defendants failed to meet summary judgment burden because they failed to appear or provide competent evidence to dispute valuation); *United States for Use of Tennessee Valley Auth.*, 2018 6072008, *2 (finding defendant failed to meet summary judgment burden "in the absence of any evidence showing the inadequacy of TVA's valuation method or evidence establishing a different value for the taken property"). The Court finds that, based upon the United States' undisputed evidence, $2,150 is a fair and just compensation for the easement and right-of-way sought. *See United States ex rel. Tennessee Valley Auth.*, 2019 WL 267881, *3 (finding $1,000 to be fair and just compensation based on the United States' undisputed evidence). The Court also finds that each Defendant should be awarded based on their respective interests in the land as follows:

| Owner | Fractional Interest | Amount |
|---|---|---|
| Annette Smith Miller | 1/5 | $430.00 |
| Tyrone Smith | 1/5 | $430.00 |
| Joyce Smith Rogers | 1/5 | $430.00 |
| Dennis Smith | 1/5 | $430.00 |
| Stanley Smith | 1/5 | $430.00 |
| Total | 1/1 | $2,150.00 |

*Conclusion*

For all of the reasons fully explained above, the Court finds that there is no genuine issue of material fact as to the amount of just compensation for the easement and right-of-way acquired and the United States' Motion [15] for Summary Judgment is GRANTED. The Defendants are awarded an apportioned amount based on their fractional interests in the land as indicated above.

It is SO ORDERED, on this the 4th day of March, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE